UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID SANFORD,

    Plaintiff,

v.

AXA EQUITABLE LIFE INSURANCE CO.,
ET AL.,

    Defendants.
_____/

Case No. 09-12190

Honorable Nancy G. Edmunds

**ORDER (1) DENYING PLAINTIFF'S MOTION TO AMEND FIRST AMENDED COMPLAINT [28]; AND (2) GRANTING PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER [27]**

This litigation arises from Defendants' termination of Plaintiff David Sanford's employment on March 22, 2006. (Pl.'s 1st Am. Compl. ¶ 16.) This diversity action was first filed on March 12, 2009. Plaintiff filed a First Amended Complaint on August 12, 2009 alleging claims of (1) breach of contract of Plaintiff's three separate employment agreements (*Id.* at ¶¶ 18-26) including an allegation that "specific policies and procedures that apply to Plaintiff's employment and termination thereof were not followed uniformly and fairly by the Defendants (*Id.* at ¶ 22); (2) discrimination/reverse discrimination including allegations of racial discrimination and disparate treatment because of his race in violation of Michigan's Elliott-Larson Civil Rights Act, Mich. Comp. Laws Ann. §§ 37.2101, *et seq.*, and 37.2202(1)(a) (*Id.* at ¶¶ 27-46); and (3) tortious interference (*Id.* at ¶¶ 47-62).

At a hearing held on April 28, 2010, this matter came before the Court on Plaintiff's motions (1) to amend his First Amended Complaint [28], and (2) to amend the Court's

November 30, 2009 Scheduling Order [27]. Citing Federal Rule of Civil Procedure 15(a), Plaintiff seeks to amend his First Amended Complaint to add a breach of policy claim alleging that Defendants breached their written employment policies in connection with Plaintiff's termination and treated him less favorably than other similarly situated employees (Pl.'s Ex. 5, Proposed 2d Am. Compl. ¶¶ 63-87). Citing Federal Rule of Civil Procedure 16(b)(4), Plaintiff filed his motion to amend this Court's November 30, 2009 Scheduling Order on March 30, 2010. The November 30, 2009 Scheduling Order set a discovery cut-off date of April 1, 2010; a May 17, 2010 cut-off date for dispositive motions; and a September 14, 2010 trial date. Plaintiff is now before the Court seeking a 90 day extension of these dates. For the reasons stated below and on the record, this Court DENIES Plaintiff's motion to amend his complaint and GRANTS Plaintiff's motion to amend the November 30, 2009 scheduling order and extends all dates by 60 days.

**I.    Analysis**

**A.  Motion to Amend Complaint**

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend is freely granted where justice so requires. However, a motion to amend a complaint should be denied if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile. *See Foman v. Davis*, 371 U.S. 178 (1962). Prejudice may result from delay, but "[d]elay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994) (citing *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989) (quoting *Hagerman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973)).

Plaintiff concedes that Defendants have previously provided him with copies of their employment policies. (Pl.'s Br. at 4.) It is undisputed that these employment policies or procedures were included as part of Defendants' Rule 26 initial disclosures and were provided to Plaintiff on January 12, 2010. (Defs.' Resp. at 4, n.1.) Plaintiff also concedes that at a November 30, 2009 scheduling conference, his counsel advised this Court that he was considering amending his complaint, and the Court allowed 30 days for Plaintiff to file a motion seeking leave to amend his complaint. (Pl.'s Br. at 3; Defs.'s Ex. 3, 11/30/09 Sched. Order.) Plaintiff did not file a motion to amend within the 30-day period. Nonetheless, Plaintiff now argues that he should be allowed to amend his complaint to allege "breach of policy" claims because Defendants recently questioned AXA employees Darlene Frederick and Steve Nazoyan about those policies during their depositions. (*Id.* at 4.) Plaintiff further argues that, because he has also filed a motion to extend the discovery cut-off period and all dates set in the Court's November 30, 2009 Scheduling Order, allowing him to amend his complaint will not cause any undue delay or prejudice. He further argues that the amendment is not futile because "[d]iscovery thus far has shown that Defendant has breached its own policies." (*Id.* at 8.)

Defendants respond to the contrary, arguing that Plaintiff's motion to amend should be denied because it is untimely, duplicative of the breach of contract claim already asserted in Plaintiff's complaint, and will cause it substantial prejudice and undue delay in this litigation. Defendants' arguments are persuasive. First, the "breach of policy" claim that Plaintiff seeks to add in his proposed second amended complaint is duplicative of his breach of contract claims in his First Amended Complaint. (Pl.'s 1st Am. Compl. ¶ 22.) Plaintiff admitted as much in his deposition testimony. (Defs.' Ex. 7, Pl.'s Dep. at 98, 103.)

Allegations in Plaintiff's proposed "breach of policy" claim are similarly duplicative of allegations of disparate treatment contained in the discrimination/reverse discrimination count of his First Amended Complaint. Second, Plaintiff's motion is not timely. Defendants provided Plaintiff with the policies at issue on January 12, 2010, and Plaintiff unduly delayed in filing his motion to amend until March 31, 2010; one day before the April 1, 2010 discovery cut-off date. Third, if Plaintiff were allowed to file the proposed second amended complaint, depositions of some of its employees would have to be repeated, resulting in increased costs to Defendants in the form of time and money. Because the claim Plaintiff seeks to add is duplicative of his existing claims, he unduly delayed in filing his motion to amend, and amendment at this late date is not only unnecessary but would unfairly prejudice Defendants by forcing them to incur additional expenses on a claim that is already encompassed in Plaintiff's existing breach of contract and discrimination claims, Plaintiff's motion to amend is DENIED.

**B. Motion to Amend November 30, 2009 Scheduling Order**

Rule 16(b)(4) of the Federal Rules of Civil Procedure provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). For the reasons stated on the record at the April 28, 2010 hearing, this Court GRANTS Plaintiff's motion, extending all scheduled dates by 60 days. The Scheduling Order in this matter is amended as follows.

- The discovery cut-off date is **June 1, 2010**;
- The dispositive motion cut-off date is **July 16, 2010**;
- The final pretrial order is due on **October 19, 2010;**

- The final pretrial conference will be held on **October 26, 2010 at 2:00 p.m.**; and

- The trial will begin on **November 2, 2010 at 9:00 a.m.**

## II. Conclusion

For the above-stated reasons, Plaintiff's motion to amend his complaint [28] is DENIED, and his motion to amend the scheduling order [27] is GRANTED.


       s/Nancy G. Edmunds
       Nancy G. Edmunds
       United States District Judge

Dated: April 29, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 29, 2010, by electronic and/or ordinary mail.

       s/Carol A. Hemeyer
       Case Manager